# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERT LEWIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:17CV987 |
| HOKE COUNTY, et al., | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court upon Motions to Set Aside Entry of Default by Defendants ABL Food Service and Kevin (ABL Food Service Manager) (hereinafter "Kevin"). (Docket Entries 36, 41.) Also before the Court is Plaintiff Robert Lewis's Motion for Default Judgment. (Docket Entry 32.) These matters are ripe for disposition. For the following reasons, it is recommended that the Court grant Defendants' motions to set aside entry of default and deny Plaintiff's motion for default judgment.

## I. BACKGROUND

Plaintiff, *pro se*, filed this action in October 2017 alleging a violation under 42 U.S.C. § 1983 of Plaintiff's constitutional rights at the Hoke County Detention Center between October 19, 2014 and February 8, 2017. (*See generally* Complaint, Docket Entry 2.) Plaintiff filed an Amended Complaint on June 6, 2018. (Docket Entry 10.) Plaintiff's claims essentially allege a denial of medical care, inadequate food services and unsafe food conditions. (Docket

Entries 2, 10.) Summonses were issued as to all Defendants on August 31, 2018. (Docket Entry 13.)

Copies of the Complaint and summons were returned executed as to Defendants ABL Food Service and Kevin on September 28, 2018. (Docket Entry 20.) The Returns reflect that Defendants ABL Food Service and Kevin were served via certified mail, and sent to the address Plaintiff provided for service at "Hoke County Detention Center, P.O. Box 300, Raeford, NC 28376." (Docket Entries 13, 20.) An individual named "Lt. Smith" signed the Return purportedly on behalf of Defendants ABL Food Service and Kevin. (Docket Entry 20 at 4, 8.)

After Defendants ABL Food Service and Kevin failed to file an Answer, Plaintiff filed a Motion for Default Judgment (Docket Entry 25) which the Court construed as a Motion for Entry of Default and granted the motion on May 22, 2019. (Docket Entry 29.) Plaintiff then filed a Motion for Default Judgment against Defendants ABL Food Service and Kevin on June 5, 2019. (Docket Entry 32.) Shortly thereafter, both Defendants moved to set aside entry of default. (Docket Entries 36, 41.)

In support of Defendant ABL Food Service's motion, corporate counsel for Elior, Inc. ("Elior"), Angela Anderson, submitted a declaration. (Anderson Declaration, Docket Entry 37-1.) She indicates that Elior's subsidiary, Summit Food Services, LLC ("Summit"), is the legal entity that presently provides food services to the Hoke County Detention Center. (*Id.* ¶ 4.)

Ms. Anderson first became aware of the litigation on June 3, 2019 after a current Food Service Director for Summit emailed a copy of the partial entry of default to a general legal

2

email address for Elior, on Friday, May 31, 2019. (*Id.* ¶¶ 15-16.) She further indicates that "ABL Food Service" is not associated with Elior, but that ABL Management, Inc. ("ABL Management") is subsidiary of Elior and it previously provided food services for Hoke County Detention Center. (*Id.* ¶¶ 5-6, 9, 10.) Additionally, all of ABL Management's prison accounts have been transferred to Summit. (*Id.* ¶ 8.)

Upon receiving the partial entry of default, Ms. Anderson promptly inquired as to whether any other officers or employees of Summit or its parent company had knowledge of the litigation; to her knowledge, no other officers or employees were aware of the litigation prior to June 3, 2019. (*Id.* ¶ 18.) She further asserts that "Lt. Smith," the individual who signed the receipt of service at the Hoke County Detention Center, is not a registered agent for Summit or ABL Management, nor has he been authorized to accept service on their behalf. (*Id.* ¶¶ 5, 23.) Ms. Anderson is not aware of any individual employed by the Hoke County Detention Center that is authorized to accept service on behalf of ABL Management or Summit. (*Id.* ¶ 20.) Also, she is unaware of any contractual agreement by ABL Management or Summit authorizing any individual at the Hoke County Detention Center to accept service on their behalf. (*Id.* ¶ 21.)

As to Defendant Kevin, the declaration in support of his motion indicates that an individual named Kevin Edge was employed as a Food Service Director at the Hoke County Detention Center by ABL Management from March 1, 2016 through October 14, 2017. (Edge Decl. ¶ 2, Docket Entry 42-1.) Mr. Edge first became aware of the above-captioned lawsuit filed by Plaintiff on Saturday, June 22, 2019, when he received a letter from an attorney requesting that Mr. Edge call him as soon as possible. (*Id.* ¶ 4.) Prior to receipt of this letter,

3

Mr. Edge had no knowledge that Plaintiff filed a lawsuit against him or anyone else. (*Id.* ¶ 5.) A few days later, Mr. Edge contacted counsel and was then emailed copies of the summons and Complaint in the instant action. (*Id.* ¶¶ 6-7.) Mr. Edge states that the Complaint was never delivered to his residence, nor has he authorized "Lt. Smith," or any individual employed by the Hoke County Detention Center to accept service on his behalf. (*Id.* ¶¶ 10-13.)

## II. DISCUSSION

### A. <u>Defendants' Motions to Set Aside Entry of Default</u>

Pursuant to the Federal Rules of Civil Procedure, "[t]he Court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The Fourth Circuit has held that certain factors must be considered to determine if there is "good cause" to set aside an entry of default: (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969) (citation omitted). Resolution of motions made under Rules 55(c) "is a matter which lies largely within the discretion of the trial judge[.]" *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

Considering the factors in *Payne*, the Court concludes that Defendants' motions should be granted. The Court first considers whether Defendants have raised a meritorious defense. *Payne*, 439 F.3d at 205. Both moving Defendants contend that because Plaintiff failed to

4

properly serve Defendants, the Court does not have personal jurisdiction over them. "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell,* 152 F.3d 304, 306 (4th Cir. 1998); *Reynolds Innovations,* 851 F. Supp. 2d at 962; *U.S. ex rel. Metromont Corp. v. S.J. Constr., Inc.*, No. 1:09CV745, 2010 WL 2793919, at *5 (M.D.N.C. July 15, 2010) ("If service of process is not valid, a district court lacks jurisdiction over a defendant."). The Federal Rules of Civil Procedure require that any summons be "directed to the defendant," Fed. R. Civ. P. 4(a)(1)(B), and service may be effected under state law (Rule 4(e)(1)) or by delivering the summons "to the person individually," leaving a copy at the person's home, or delivering a copy to "an authorized agent." Fed. R. Civ. P. 4(e)(2). Service of process on an individual under state law in North Carolina is governed by North Carolina Rule of Civil Procedure 4. N.C. Gen. STAT. § 1A-1, Rule 4(j)(l). N.C. R. Civ. P. 4 provides that service can be accomplished by delivering a copy of the summons and complaint: to the person; to the person's dwelling or usual place of abode; to an authorized agent; or by mail, addressed to the party to be served. *Id.*

Here, Plaintiff attempted service of process by addressing the filings to Defendant "Kevin ABL Food Service Manager" at the Hoke County Detention Center, where an individual named "Lt. Smith" signed for receipt of the documents upon their arrival. (Docket Entry 20 at 4.) "Lt. Smith," did not have authority to accept service on behalf of the moving party. (Edge Dec. ¶ 13.) Further, Mr. Edge had not been employed at this location in nearly a year at the time they were delivered. (*Id.* ¶ 3.) Additionally, a copy of the summons and Complaint was never personally delivered or delivered to the home of the moving party. (*Id.*

5

¶¶ 9-11.) Thus, Defendant Kevin presents a meritorious defense as to the issue of personal jurisdiction.[1]

As to Defendant ABL Food Service, it is clear that Plaintiff has not named a legal entity to be sued. (*See* Anderson Dec. ¶¶ 9-10.) Beyond that, service of process appears to be insufficient. Rule 4(h) of the Federal Rules of Civil Procedure provide options for service upon corporations or partnerships, including "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and— if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Rule 4(h) also permits service in accordance with state law for serving a summons upon an individual. Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1).

Similar to Defendant Kevin, an individual named "Lt. Smith" signed for receipt of the documents upon their arrival at the Hoke County Detention Center. (Docket Entry 20 at 8.) "Lt. Smith" did not have authority to accept service on behalf of "ABL Food Service," or any other legal entity providing food services to the detention center. (Anderson Dec. ¶ 23.) Moreover, even if moving Defendants had actual notice of the lawsuit, such notice "is insufficient to confer jurisdiction over the person of a defendant, and improper service of process, even if it results in notice, is not sufficient to confer such personal jurisdiction." *Land v. Food Lion, LLC*, No. 3:12-CV-00006-GCM, 2012 WL 1669678, at *3 (W.D.N.C. May 14, 2012); *Shaver v. Cooleemee Volunteer Fire Dept'*, No. CIV.A. 1:07CV00175, 2008 WL 942560, at

---

[1] In a response brief, Plaintiff "agrees to setting aside the entry of default to the extent that it allows [Defendant Kevin] a chance to properly defend against the merit of the claims made against him." (Docket Entry 44 at 7.)

*2 (M.D.N.C. Apr. 7, 2008) (finding the plaintiff's argument that actual notice of a lawsuit "should trump the service requirement" was meritless); *Adams v. GE Money Bank*, No. 1:06CV00227, 2007 WL 1847283, at *3 (M.D.N.C. June 25, 2007) (finding that a *pro se* plaintiff's failure to serve the proper statutory recipients required dismissal even though the defendants received actual notice of the lawsuit). At minimum, the proffered arguments from Defendants demonstrate a meritorious defense. *Armor v. Michelin Tire Corp.*, 113 F.3d 1231 (4th Cir. 1997) (unpublished) ("All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party.").

As to the second and third factors, both weigh in favor of Defendants. Defendants acted with reasonable promptness in filing the pending motions shortly after receiving notice of the entry of default. Additionally, the declarations demonstrate that Defendants' personal responsibilities for their failure to respond in this matter were minimal. Mr. Edge had no knowledge that Plaintiff had filed a lawsuit against him or anyone else. (Edge Dec. ¶ 5.) Additionally, ABL Management was not aware of the lawsuit and did not receive any notification from Corporate Creations International, Inc., which handles ABL Management's legal services. (Anderson Dec. ¶¶ 11-14.) Thus, these factors weigh in favor of setting aside the entry of default.

The remaining factors also weigh in favor of Defendants. Considering the fourth factor, Plaintiff would not be prejudiced by setting aside entry of default in this action. *Payne*, 439 F.3d at 205. Plaintiff has not cited any particular prejudicial effect, nor does the Court find that this matter would be adversely impacted by setting aside default. The matter remains

7

at the discovery stage, and Plaintiff is no longer housed at the Hoke County Detention Center where the alleged injury occurred. With respect to the fifth and sixth factors, there is no history of dilatory conduct on the part of Defendants, and sanctions are not warranted given the circumstances of Defendants' tardiness, particularly noting the service of process deficiencies. Thus, for good cause shown, and because the relevant factors weigh in favor of setting aside entry of default, Defendants' motions should be granted.

Plaintiff's arguments contrary to Defendants' motions are without merit. Plaintiff asserts that the declarations provided by Defendants are insufficient to overcome the Returns demonstrating that the Marshals properly served them through "Lt. Smith." (Docket Entry 43 at 6-7.) However, as properly stated above, the declarations submitted by Defendants support a meritorious defense favoring setting aside entry of default. Plaintiff also argues that Defendants have waived jurisdictional defenses by raising other defenses and as a result of Defense counsel entering this action on a limited appearance. (*Id.* at 3-6.) "Rule 12(h) contemplates an implied waiver of a personal jurisdiction defense by defendants who appear before a court to deny the allegations of a complaint, but who fail to make personal jurisdiction objections at the time of their appearance." *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002). However, "[w]ell established law permits a defendant to appear for the limited purpose of challenging personal jurisdiction provided the jurisdictional objection is timely raised." *Dynamis, Inc. v. Dynamis.com*, 780 F. Supp. 2d 465, 469 (E.D. Va. 2011) (citing *Davenport v. Ralph N. Peters & Co.,* 386 F.2d 199, 207-208 (4th Cir. 1967)). Here, Defendants immediately asserted this defense in its initial filings. Thus, Plaintiff's arguments fail.

8

### B. Plaintiff's Motion for Default Judgment

Plaintiff has filed a motion seeking default judgment against Defendants ABL Food Service and Kevin, and to be compensated by Defendants for Plaintiff's pain and suffering as a result of the alleged incident. (Docket Entry 32.) Because the Court recommends that entry of default against Defendants should be set aside in this matter, Plaintiff's motion should be denied.

### III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that the Court **GRANT** Defendants' Motions to Set Aside Entry of Default (Docket Entry 36, 41) and that the Court's Entry of Default (Docket Entry 29) be set aside.

**IT IS FURTHER RECOMMENDED** that the Court **DENY** Plaintiff's Motion for Default Judgment (Docket Entry 32).

_____
Joe L. Webster
United States Magistrate Judge

October 2, 2019
Durham, North Carolina