IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT LEWIS,                    )
                                 )
            Plaintiff,           )
                                 )
    v.                           )        1:17CV987
                                 )
HOKE COUNTY, et al.,             )
                                 )
            Defendants.          )


<u>**MEMORANDUM OPINION AND ORDER**</u>

**OSTEEN, JR., District Judge**

Presently before this court is a pro se Motion for
Reconsideration filed by Plaintiff Robert Lewis ("Plaintiff").
(Doc. 104.) Plaintiff moves this court to reconsider its
adoption of the Magistrate Judge's Recommendation granting
summary judgment in favor of Defendants Hoke County, Sheriff
Hubert Peterkin, Nachia Revels, Southern Health Partners, Kevin
Edge, and Summit Food Services ("Defendants"). (<u>Id.</u>) Plaintiff
argues that this court must consider his filings related to the
Magistrate Judge's Recommendation and Defendants' summary
judgment motions, (Docs. 104-1, 104-2, 104-3, 104-4, 104-5, 104-
6), and correct the Magistrate Judge's failure to treat
Plaintiff's verified Complaint, (Doc. 2), as a sworn affidavit,
(Doc. 104 at 1).

Plaintiff's motion is ripe for resolution. For the reasons stated herein, Plaintiff's motion will be granted in part and denied in part, and the original Judgment adopting the Recommendation, (Doc. 103), will be struck. After considering Plaintiff's objections, however, this court will readopt the Recommendation.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed his original Complaint on October 30, 2017. (Doc. 2.)[1] All Defendants moved for summary judgment between January 21, 2020, and January 22, 2020. (Docs. 66, 69, 74, 76.) On September 1, 2020, the Magistrate Judge filed his Recommendation that summary judgment be granted as to all Defendants. (Mem. Op. & Recommendation of United States Magistrate Judge ("Recommendation") (Doc. 101) at 28.) Notice was served on the parties, and Plaintiff, a pro se state prisoner who received the Notice via postal mail, had until September 18, 2020, to file any objections to the Recommendation. (Doc. 102.) The Clerk did not receive any objections within the time limits prescribed by 28 U.S.C. § 636 and Federal Rule of Civil Procedure 6(d). On September 28, 2020,

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

this court entered Judgment adopting the Recommendation. (Doc. 103.) Plaintiff filed his Motion for Reconsideration on October 5, 2020. (Doc. 104.) On the same day, the Clerk's office received Plaintiff's objections to the Recommendation, which are dated September 16, 2020. (Doc. 104-1.)

Upon review of Plaintiff's filings, it appears to this court that, though the Clerk did not receive Plaintiff's objections until October 5, 2020, the envelope in which the objections arrived was postmarked by the Nash Correctional Institution prison mail system on September 16, 2020, (Doc. 104-7 at 1), making them timely under the prison mailbox rule.[2]

Plaintiff also filed several other documents that the Clerk received on October 5, 2020, including: a Cross-Motion for Summary Judgment against Defendant Summit, (Doc. 104-2), a Cross-Motion for Summary Judgment against Defendant Southern Health Partners, (Doc. 104-3), a Cross-Motion for Summary Judgment against Defendants Hoke County, Sheriff Hubert Peterkin, and Nachia Revels, (Doc. 104-4), a Cross-Motion for Summary Judgment against Defendant Kevin Edge, (Doc. 104-5), and a Declaration in support of these motions, (Doc. 104-6).

---

[2] The prison mailbox rule states that "a petition is deemed filed upon delivery to prison mailroom officials." United States v. McNeill, 523 F. App'x 979, 981 (4th Cir. 2013) (citing Houston v. Lack, 487 U.S. 266, 270-72 (1988)).

Although not received by the Clerk until October 5, 2020, those documents each had a certificate of service dated April 16, 2020. (See Doc. 104-2 at 14; Doc. 104-3 at 24; Doc. 104-4 at 25; Doc. 104-5 at 11; Doc. 104-6 at 2.) During a review of these documents, this court discovered a second envelope, (Doc. 104-8), which contained some of Plaintiff's pleadings filed October 5, 2020. This court ordered the parties to provide briefing on whether the cross-motions for summary judgment, (Docs. 104-2 - 104-5), should be deemed timely filed under the prison mailbox rule. (Doc. 109 at 2.) Defendants responded, (Doc. 110), as did Plaintiff, (Doc. 111).

On December 2, 2021, this court held an evidentiary hearing on the timeliness of the cross-motions for summary judgment. (Minute Entry 12/02/2021.) Plaintiff maintains he placed the pleadings in the prison mail system on April 16, 2020. (Doc. 104 at 1.) Defendants provided three affidavits with conflicting information. First, Defendants submitted an affidavit of Warden Stanley at the Nash Correctional Institution stating that there were no notations in the prison mail system indicating any mailing had been received from Plaintiff during April 2020. (Doc. 110-1 ¶ 5.) That affidavit also included an attachment from a Correctional Officer Richardson indicating the signature on the envelope, (Doc. 104-8), was not hers, (Doc. 110-1 at 5).

-4-

Then, Defendants filed a supplemental affidavit of Warden
Stanley representing that there was no legal mail received from
Plaintiff during April 2020 but stating there was another
correctional officer with the last name "Richardson" who was no
longer at the facility, so the Warden could not find out whether
it was that officer's signature on the envelope. (Doc. 113-1.)
Finally, Defendants filed a third affidavit of Warden Stanley
stating Plaintiff had mailed legal mail to the Clerk's Office on
April 9, 2020. (Doc. 121-1 ¶ 6.)

After the hearing, Defendants had an opportunity to respond
to Plaintiff's cross-motions for summary judgment, which they
did. (Docs. 122-124.) Plaintiff did not file a reply.

## II.  **MOTION FOR RECONSIDERATION**

### A.    **Standard of Review**

A motion for reconsideration under Federal Rule 59(e) is
granted in three circumstances: "(1) to accommodate an
intervening change in controlling law; (2) to account for new
evidence not available at trial; or (3) to correct a clear error
of law or prevent manifest injustice." Pac. Ins. Co. v. Am.
Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1993) (citation
omitted); see also Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir.
2007). Manifest injustice is defined as "an error by the court
that is 'direct, obvious, and observable.'" Register v. Cameron

-5-

& Barkley Co., 481 F. Supp. 2d 479, 480 n.1 (D.S.C. 2007) (quoting In re Oak Park Calabasas Condo. Ass'n, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003)). "Clear error occurs when [a court is] 'left with the definite and firm conviction that a mistake has been committed.'" United States v. Woods, 477 F. App'x 28, 29 (4th Cir. 2012) (quoting United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008)).

A motion for reconsideration under Rule 59(e) is improper "where it only asks the Court to rethink its prior decision, or presents a 'better or more compelling argument that the party could have presented in the original briefs' on the matter." Hinton v. Henderson, No. 3:10cv505, 2011 WL 2142799, at *1 (W.D.N.C. May 31, 2011) (internal citation omitted) (quoting Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp., 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005)); see also Pac. Ins., 148 F.3d at 403 ("Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."); DirecTV, Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (holding that a motion to reconsider is not proper when it "merely asks the court 'to rethink what the Court

had already thought through—rightly or wrongly'" (quoting <u>Harsco</u> <u>Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985)).

    **B.**    <u>**Analysis**</u>

This court finds that Plaintiff has met his burden in demonstrating that there is good cause for this court to reconsider its adoption of the Magistrate Judge's Recommendation in light of Plaintiff's objections and cross-motions. Plaintiff does not present new evidence or assert a change in controlling law but argues that it would be unjust if this court failed to consider his objections to the Recommendation. (<u>See</u> Doc. 104.) Plaintiff argues that he filed his objections to the Recommendation by placing them in the Nash Correctional Institution prison mailing system on September 16, 2020. (<u>Id.</u> at 1.) This allegation is verified by an envelope which was signed and dated on September 16, 2020, by a Nash Correctional Institution officer. (Doc. 104-7 at 1.) As explained by the Notice informing Plaintiff that the Magistrate Judge had filed his Recommendation, (Doc. 102), Plaintiff had until September 18, 2020, to file objections to the Recommendation, (<u>id.</u> at 1.) Plaintiff's objections were therefore timely filed under the prison mailbox rule, and this court must reconsider its adoption

-7-

of the Recommendation in light of Plaintiff's objections to prevent a manifest injustice.

Additionally, as discussed at the December 2, 2021 evidentiary hearing, the envelope containing Defendant's cross-motions and declaration is signed and dated April 16, 2020, by a Nash Correctional Institution officer. (Doc. 104-8 at 1.) In light of the conflicting information in Warden Stanley's affidavits, this court finds Plaintiff's certificates of service control, and further finds Plaintiff timely filed his cross-motions under the prison mailbox rule, requiring this court to reconsider its adoption of the Recommendation in light of those cross-motions. This court finds these cross-motions are best construed as additional objections to the Recommendation, and this court will treat them as such.

Plaintiff also argues that this court should reconsider its adoption of the Recommendation because the Magistrate Judge failed to treat Plaintiff's verified Complaint as the functional equivalent of a sworn affidavit. (Doc. 104.) Plaintiff argues that, "at the very least, the court should consider that Plaintiff's Complaint was verified under the penalty of perjury" and that "the Fourth Circuit has held that a verified Complaint is the functional equivalent of an opposing affidavit that precludes summary judgment when the allegations contained

-8-

therein are based on personal knowledge." (Id. at 1 (citing
Davis v. Zahradnick, 600 F.2d 458, 459-60 (4th Cir. 1979)).)

The court does not find that this allegation serves as a
basis for reconsideration. Plaintiff misconstrues the holding in
Davis, which does not address any circumstances that are present
here. See 600 F.2d 458. The Fourth Circuit did, however, hold in
Davis that summary judgment "may not be invoked where . . . the
affidavits present conflicting versions of the facts . . . ."
Id. at 460. That said, as addressed by the Magistrate Judge's
Recommendation, Plaintiff's verified Complaint and Defendants'
motions for summary judgment, together, do not establish that
there are any conflicting versions of the facts, but merely
demonstrate conflicting understandings about whether the facts
amount to violations of constitutionally-protected rights. (See
Recommendation (Doc. 101) at 16-18.)

Further, Plaintiff fails to acknowledge that, while the
Magistrate Judge's Recommendation does state that Defendants'
motions for summary judgment should be granted by default for
Plaintiff's failure to respond, (id. at 5), the Magistrate Judge
provided a lengthy analysis addressing Plaintiff's Complaint and
Defendants' motions on the merits, (see id. at 5-28). Even if
the Recommendation did not explicitly state that it treated
Plaintiff's Complaint as a sworn affidavit, the Magistrate Judge

-9-

was very clear that "Defendants' motions should be granted on the merits" regardless of Plaintiff's failure to file a timely response. (Id. at 5.) Despite the fact that "the party opposing summary judgment may not rest on mere allegations or denials," (id. at 6), Plaintiff's Complaint was fully addressed on the merits in the Magistrate Judge's Recommendation, as adopted by this court. Plaintiff fails to demonstrate in his Motion to Reconsider that there was any error regarding the Recommendation's treatment of his verified Complaint, and thus, this court does not find that Plaintiff's allegation that the Magistrate Judge erroneously recommended awarding summary judgment in favor of Defendants by default warrants reconsideration. Plaintiff's motion will be denied as to Plaintiff's allegations that his verified Complaint was not treated as a sworn affidavit by the Recommendation.

For these reasons, this court will grant reconsideration as to Plaintiff's objections, (Docs. 104-1 – 104-6), and will deny reconsideration as to Plaintiff's allegations that summary judgment was erroneously awarded by default, (Doc. 104 ). Accordingly, this court will strike its Judgment, (Doc. 103), adopting the Recommendation, (Recommendation (Doc. 101)), and reconsider the Recommendation in light of Plaintiff's objections.

## III. **PLAINTIFF'S OBJECTIONS**

### A.     **Standard of Review**

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "[A] general objection to a magistrate judge's findings is not sufficient—'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" United States v. Benton, 523 F.3d 424, 428 (4th

-11-

Cir. 2008) (alterations in original) (quoting <u>United States v.</u>
<u>Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007)). General objections
include those simply restating arguments previously presented to
the Magistrate Judge. <u>See, e.g.</u>, <u>Kiesner v. Starbucks Corp.</u>,
Civil Action No. 1:12-cv-00448-JMC, 2013 WL 3479275, at *1
(D.S.C. July 10, 2013); <u>Crutchfield v. Immunoscience, Inc.</u>, No.
1:08CV561, 2009 WL 10664816, at *1-2 (M.D.N.C. Aug. 31, 2009);
<u>Joe Hand Promotions, Inc. v. Fitch</u>, Civil No. 1:08CV551, 2009 WL
728574, at *1 (W.D.N.C. Mar. 17, 2009).

        Nonetheless, "as part of its obligation to determine <u>de</u>
<u>novo</u> any issue to which proper objection is made, a district
court is required to consider all arguments directed to that
issue, regardless of whether they were raised before the
magistrate." <u>United States v. George</u>, 971 F.2d 1113, 1118 (4th
Cir. 1992); <u>see</u> <u>Samples v. Ballard</u>, 860 F.3d 266, 272-73 (4th
Cir. 2017) (applying <u>George</u> to habeas proceedings); <u>Workman v.</u>
<u>Bill M.</u>, Civil Action No. 6:17-cv-00972-RBH, 2017 WL 4843968, at
*2 n.6 (D.S.C. Oct. 26, 2017) (applying <u>George</u> and <u>Samples</u>),
<u>aff'd</u>, 717 F. App'x 278 (4th Cir. 2018) (per curiam); <u>Wheeler v.</u>
<u>Berryhill</u>, No. 5:16-CV-00225-FL, 2017 WL 3493616, at *2
(E.D.N.C. Aug. 15, 2017) (same). Arguments include "whatever
position is taken in support of or against each asserted ground
for relief." <u>Samples</u>, 860 F.3d at 273.

**B.    Analysis**

As explained above, this court construes Plaintiff's pleadings entitled "Plaintiff's Objections to the Magistrate Judge['']s Memorandum Opinion and Recommendation," (Doc. 104-1), "Plaintiff's Cross-Move for Summary Judgment and Memorandum of Law in Response to Defendant Summit['']s Motion for Summary Judgment," (Doc. 104-2), "Plaintiff's Cross-Move for Summary Judgment in Response to Defendant Southern Health Partners' Motion for Summary Judgment and Supporting Memorandum of Law," (Doc. 104-3), "Plaintiff's Cross-Move for Summary Judgment and Memorandum of Law in Response to Defendants Hoke County, Hubert Peterkin and Nachia Revels['] Motion for Summary Judgment," (Doc. 104-4), "Plaintiff's Cross-Move for Summary Judgment and Memorandum of Law in Response to Defendant Kevin Edge['']s Motion for Summary Judgment," (Doc. 104-5), and "Plaintiff's Declaration in Support of His Cross-Move for Summary Judgment as to All Defendants," (Doc. 104-6), as objections to the Magistrate Judge's Recommendation. Taking all of Plaintiff's objections together, this court finds that Plaintiff's objections are not sufficiently specific so as to alert this court of a true ground for objection. Rather, the majority of Plaintiff's objections restate or reframe the arguments

-13-

previously presented to the Magistrate Judge through Plaintiff's Complaint.

Plaintiff's "Objections" objection, (Doc. 104-1), focuses solely on the delay from April 2020 to October 2020 between Plaintiff allegedly placing his cross-motions and declaration in the prison mail system and those documents arriving at the Clerk's office. (Id. at 1-2.) Plaintiff argues "that it would be unfair to hold him accountable for any mistakes, oversights or mishaps that prison officials may have made after placing his legal mail in their hands to be mailed to the court." (Id. at 1.) This court agrees it would be unfair to hold Plaintiff accountable for the delay given the lack of clear explanation from prison officials as to what happened with Plaintiff's documents, which is why this court granted Plaintiff's Motion for Reconsideration and is considering Plaintiff's arguments raised in his cross-motions.[3]

In his "Declaration" objection, (Doc. 104-6), Plaintiff presents evidence in the form of several exhibits which "derive from either [Plaintiff's] prison and jail medical records or state laws and regulations or interrogatories and expert studies

---

[3] To the extents Plaintiff also objects to the Magistrate Judge failing to consider that Plaintiff's Complaint was verified, (Doc. 104-1 at 2), that objection lacks merit. See discussion supra Part II.B.

-14-

or well-known medical facts and the Defendants['] policies and procedures." (Doc. 104-6 at 1.) Specifically, these exhibits include Plaintiff's medical intake form from his arrival at Hoke County Detention Center, copies of Plaintiff's sick requests, various policies and procedures, a selection of responses to interrogatories, copies of medical records which were already included in the record, and various Internet articles about diabetes and nutrition. (Doc. 104-6 at 3-70.) Despite the volume of exhibits, Plaintiff does not rectify his previous failure to establish a standard of care for diabetic prisoners as discussed in the Recommendation, (Recommendation (Doc. 101) at 9), and his reliance on Internet publications for this purpose falls far short of expert testimony or any other kind of admissible evidence.[4] In short, Plaintiff uses the "Declaration" objection evidence to support the facts alleged in his initial Complaint, but he does not present any new arguments. (See id.; Docs. 2, 104-6.)

Plaintiff's "Cross-Move" objections do not present any new evidence, and only offer different interpretations of the same facts as presented by both Plaintiff and Defendants in the

---

[4] "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4) (emphasis added).

-15-

Complaint and summary judgment filings. (Compare Docs. 104-2 -
104-5, with Docs. 2, 66, 67, 69, 72, 74, 75, 76, 77.) As
explained in the Recommendation, Defendants present affirmative
evidence against Plaintiff's claim in the form of affidavits and
declarations, including Plaintiff's own deposition.
(Recommendation (Doc. 101) at 6-7.) In their motions for summary
judgment, Defendants provide evidence that Plaintiff did not
include in his Complaint, including depositions, Plaintiff's
nutritional assessment form, the Hoke County Detention Center's
menu planning policy, and Plaintiff's prison medical records.
(Docs. 67-1 – 67-4, 75-6 – 75-7, 70-1.)

        In his "Declaration" and "Cross-Move" objections, Plaintiff
does not allege any new facts or dispute those already alleged.
Rather, he attempts to fill gaps in the evidentiary record with
contentions about what he believes took place in the moments
unaccounted for by the evidence. These same inferences were
largely the basis for Plaintiff's initial Complaint. As
explained in the Recommendation, "Plaintiff testified that [his
diabetic] diet was the result of a nurse, not a physician,
filling out a 'generic medical needs form.' However, Plaintiff
does not know whether a physician was consulted prior to the
jail nurse changing his diet." (Recommendation (Doc. 101) at 9
(internal citation omitted).) This assumption exemplifies why

                                    -16-

Plaintiff's Complaint and subsequent objections fail substantively—all of Plaintiff's allegations are situated from his perspective, and are informed by his lack of knowledge or understanding of the conversations and processes that he is not privy to as a function of his position within the prison. For example, Plaintiff repeatedly insists that prison medical staff were not under supervision by an authorized physician, (see, e.g., Doc. 2 at 23-24), but Plaintiff fails to consider that he does not have an omniscient perspective within the prison and that the inferences he may draw from the lack of information he has do not constitute factual disputes that warrant reconsideration of a grant of summary judgment. These allegations are simply not specific enough to inform this court of any particular findings in the Recommendation to which Plaintiff objects. Plaintiff failed to utilize the discovery process to obtain facts necessary to create a genuine issue of fact as opposed to Plaintiff's speculative allegations. "Rule 56 requires that affidavits in support of summary judgment motions be based on personal knowledge and 'show that the affiant or declarant is competent to testify on the matters stated.'" Sanchez Carrera v. EMD Sales, Inc., 402 F. Supp. 3d 128, 141 (D. Md. 2019) (quoting Fed. R. Civ. P. 56(c)(4)).

-17-

As discussed above, a crucial issue that weighed against Plaintiff at summary judgment was his failure to establish a standard of care to which prison staff were deliberately indifferent. (Recommendation (Doc. 101) at 9 ("Plaintiff is unable to point to any standard of care that Defendants violated.").) Throughout his objections, Plaintiff continues to insist that policies were ignored and that prison staff acted outside of their authority, but he fails to allege any specific policies or violations. (See Doc. 104-2 at 2, 6, 9; Doc. 104-3 at 13-14; Doc. 104-4 at 11-16.) Plaintiff also appears to conflate the distribution of authority across the prison's administrative, medical, and food service staff. For example, Plaintiff alleges that food service staff were deliberately indifferent to Plaintiff's nutritional requirements as a diabetic, (Doc. 104-2 at 6), while prison policy clearly states that the assignment of medically modified diets is the responsibility of medical staff, (Doc. 104-6 at 20). As the Recommendation explains, "[i]f inmates had a certain medical diet assigned by the medical staff, the Food Service Director was required to serve that inmate in accordance with the corresponding medical diet menu that had been approved by the dietitian." (Recommendation (Doc. 101) at 12.) Plaintiff fails to provide any evidence to the contrary. Rather, in his

-18-

objections, Plaintiff raises more arguments about the systems and policies behind the prison that were already raised in many ways at the outset of this matter. (See, e.g., Doc. 104-2 at 1.) Plaintiff does not establish any specific objections that would induce this court to abandon its adoption of the Magistrate Judge's Recommendation. Accordingly, this court finds that it reaches the same conclusion after de novo review of Plaintiff's objections and the Recommendation that it reached the first time it considered this matter.

This court recognizes that when the parties have filed cross-motions for summary judgment, the court must "review each motion separately on its own merits 'to determine whether either of the parties deserves judgment as a matter of law.'" Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (quoting Philip Morris Inc. v. Harschbarger, 122 F.3d 58, 62 n.4 (1st Cir. 1997)). In reviewing each individual motion, a court must resolve all factual disputes and reasonable inferences in the light most favorable to the non-moving party. Id. Alternatively to the analysis contained herein, this court has reviewed Plaintiff's cross-motions for summary judgment separately and finds, for the same reasons previously described, that Plaintiff's motions should be denied.

IV. <u>**CONCLUSION**</u>

This court finds the Magistrate Judge's order is not clearly erroneous or contrary to law. This court has reviewed Petitioner's objections and finds that his objections do not change the conclusion reached by the Magistrate Judge in his Recommendation. This court will again adopt the Magistrate Judge's Recommendation.

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. 104), is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that this court's Judgment adopting the Recommendation entered September 28, 2020, (Doc. 103), is hereby **STRUCK** and **RECONSIDERED** in light of Plaintiff's objections.

**IT IS FURTHER ORDERED** that Plaintiff's cross-motions for summary judgment, (Docs. 104-2 – 104-5), are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's objections, (Docs. 104-1 – 104-6), are **OVERRULED** and the Magistrate Judge's Recommendation, (Doc. 101), is **ADOPTED** by this court.

**IT IS ORDERED** that Defendants Hoke County, Sheriff Hubert Peterkin, Nachia Revels, Southern Health Partners, and Summit Food Services, LLC/ABL Management, Inc.'s, Motions for Summary

Judgment, (Docs. 66, 69, 74), are **GRANTED** and that this action
is **DISMISSED** against said Defendants.

    **IT IS FURTHER ORDERED** that Defendant Kevin Edge's Motion
for Summary Judgment, (Doc. 76), is **GRANTED** in part with respect
to Plaintiff's Fourteenth Amendment claims.

    **IT IS FURTHER ORDERED** that, to the extent alleged,
Plaintiff's state-law negligence claim against Defendant Edge is
**DISMISSED WITHOUT PREJUDICE**, pursuant to the court's exercise of
its discretion under 28 U.S.C. § 1367(c)(3).

    A judgment consistent with this Memorandum Opinion and
Order will be entered contemporaneously herewith.

    This the 1st day of February, 2022.

_____
United States District Judge
